**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

AGBOTTAH, et al.,

    Plaintiff,

vs.   Case No. 6:12-cv-1046-Orl-37KRS

ORANGE LAKE COUNTRY CLUB,
et al.,

    Defendant.

**ORDER**

This cause is before the Court on the following:

1. Complaint (Doc. 21), filed February 21, 2012;

2. Motion to Dismiss the Complaint (Doc. 6), filed March 13, 2012;

3. Memorandum of Points and Law in Opposition of Motion to Dismiss of Defendant Orange Lake Country Club and in Support of Plaintiff(s) Cross-Motion for Summary Judgment (Doc. 10-3), filed March 26, 2012; and

4. Reply Brief in Further Support of Motion to Dismiss of Orange Lake Country Club, Inc. (Doc. 13), filed April 9, 2012.

Upon consideration, the Court hereby grants Defendant's Motion to Dismiss the Complaint and dismisses this case without prejudice.

**BACKGROUND**

The Court notes that a full background picture of the facts is difficult to discern from the face of the nine-paragraph Complaint.[1] The Court gathers that Plaintiffs and

---

[1] The Court, in granting Defendant's Motion to Dismiss the Complaint, properly does not take into consideration various filings made by Plaintiffs that contain facts that

Defendant Orange Lake Country Club (Orange Lake) entered into a contract whereby Plaintiffs agreed to purchase from Orange Lake a piece of property. (Doc. 21, ¶ 3.)

Plaintiffs apparently made some payments on the contract. (*Id.* ¶ 4.) Then, however, Plaintiffs "f[ou]ght for several months" to get Orange Lake to "cancel" the contract, which Orange Lake allegedly did. (*Id.* ¶ 3.) Plaintiffs claim that Orange Lake "cancelled the contract and released Plaintiffs from all contractual obligations to Orange Lake Country Club but in order to save face the Defendant failed to provide the real reason for the cancellation but instead claimed that the Plaintiffs signed a deed in lieu of foreclosure." (*Id.* ¶ 4.)

Orange Lake then reported Plaintiffs' delinquency on the contract payments to Defendant Experian, a credit bureau. (*Id.* ¶ 1.) Plaintiffs asked Experian to remove the delinquency from their credit report, but Experian did not do so. (*Id.* ¶ 6.) As a result of the delinquency on their report, Plaintiffs were denied mortgages on property unrelated to this case. (*Id.* ¶ 5.)

Plaintiffs allege that they were subject to a "bait and switch[]" and that the contract itself was "fraudulent." (*Id.* ¶ 3.) Plaintiffs also allege that Orange Lake overinflated the value of the property in order to induce Plaintiffs to sign the contract. (*Id.*) Furthermore, Plaintiffs claim that the property "did not exist." (*Id.*)

Plaintiffs brought this action in New Jersey state court on January 12, 2012. (Doc. 21.) In the Complaint, Plaintiffs do not list the causes of action they are attempting

---

are neither in the Complaint nor in documents attached to, central to, or referenced in the Complaint. (*See, e.g.,* Doc. 12, "Ammended [sic] Plaintiff(s) Statement of Material Facts as to Which There Is No Genuine Dispute in Support of Plaintiff(s) Cross-Motion for Summary Judgement [sic].")

to pursue.[2] Orange Lake removed the case to the U.S. District Court for the District of New Jersey on February 21, 2012. (Doc. 1.) That Court determined that it lacked personal jurisdiction over Orange Lake and, in lieu of dismissal, transferred the case to this Court on July 6, 2012. (Doc. 19.)

## STANDARDS

Pro se plaintiffs are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

In considering a motion to dismiss, the Court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

This simple pleading standard is altered, however, where a complaint contains allegations of fraud. In that case, Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard, requiring that the circumstances constituting the fraud be

---

[2] The Court recognizes that in a separate filing entitled "Cause of Action," Plaintiffs listed their claims as "Slander of Credit," "Gross Negligence," "Wilfull [sic] Negligence," "Wilfull [sic] Misconduct," "Reckless Conduct," and "Intentional Tort." (Doc. 17.) Plaintiffs stated that these claims are brought under the Fair Credit Reporting Act. (*Id.*) None of these are clearly indicated in the Complaint itself.

plead with particularity. This requirement is satisfied by setting forth in the complaint: (1) which statements were made in which documents (or orally); (2) the time, place, and speaker of each statement; (3) the content of each statement and how it misled the plaintiff; and (4) what the defendants obtained due to the fraud. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997). More simply stated, the allegations must contain the "first paragraph of any newspaper story"—that is, the who, what, when, where, and how of the alleged fraud. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (citations and internal quotation marks omitted).

## DISCUSSION

The Court acknowledges that there are more facts involved in this claim and scattered throughout the record than the meager ones listed in the Complaint. However, the Court can only consider factual allegations in the Complaint and documents central to or referenced in the Complaint in determining the outcome of this Motion, not later-added facts. *See Brooks*, 116 F.3d at 1369. It is too difficult for the Court to piece together an accurate picture of the allegations on the current record, and more importantly, it is too difficult for Defendants to do so in order to determine of what conduct they are accused. The Complaint itself must give fair notice to Defendants of what Plaintiffs' claim is and on what grounds the claim rests. *Twombly*, 550 U.S. at 555.

This Complaint does not do so. All that is truly discernible from the face of the Complaint is that Plaintiffs signed a contract and were unhappy with the results, and when they stopped making payments, Orange Lake reported the default to Experian. This sequence of events does not suggest a plausible claim that Defendants did anything wrong. Merely labeling Defendants' conduct as "fraudulent," "false," and

"erroneous," is not enough to show entitlement to relief. Therefore, the Complaint does not measure up to the strictures of Federal Rule of Civil Procedure 8(a)(2).

Furthermore, while Plaintiffs claim the contract was "fraudulent," it is unclear whether Plaintiffs intend to pursue some claims sounding in fraud or which claims those might be. However, the Court notes that if Plaintiffs choose to file an amended complaint, they must plead any claims of fraud or sounding in fraud with the particularity required by Federal Rule of Civil Procedure 9(b)—a higher degree of specificity than the other, non-fraud-based claims. It is not enough to simply state that the contract was "fraudulent" or that Defendant made "misrepresentations." (Doc. 21, ¶ 3.) Such labels and legal conclusions are inadequate. Plaintiffs must set out the content of the allegedly fraudulent statements; who made them and in what manner; when and where the statements were made; and what Defendants got out of the deal. The Complaint as written is devoid of any dates, the substance of any allegedly fraudulent statements, the causes of action, or specifics of any kind.

Therefore, the record demonstrates that the allegations in Plaintiffs' Complaint are insufficient to state a claim under either Federal Rule of Civil Procedure 8(a) or, if it is applicable, Rule 9(b). If Plaintiffs file an amended complaint, they are directed comply with these Rules. To do so, they should: (1) make short, plain statements of the facts—not legal conclusions—with each pertinent fact listed in a separately numbered paragraph in chronological order; (2) make more specific statements of the facts giving rise to any claims of fraud, including the who, what, when, where, and how of the alleged fraud; (3) list the causes of action they intend to pursue in separate sections labeled as counts (and each element of each cause of action should be supported by

the listed facts); and (4) describe what harm has occurred and the relief to which they believe they are entitled.

## CONCLUSION

Accordingly, it is hereby **ORDERED**:

1. Defendant's Motion to Dismiss the Complaint (Doc. 6) is **GRANTED**.

2. Plaintiffs' Complaint (Doc. 21) is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs have leave to file an amended complaint on or before September 20, 2012.

3. Plaintiffs are **DIRECTED** to comply in all future filings with all Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida,[3] including Local Rule 4.01(a), which requires parties to file amended pleadings in their entirety with any amendments incorporated therein.

4. Plaintiffs' Cross-Motion for Summary Judgment (Doc. 10-3) is **DENIED** as moot.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 18, 2012.

ROY B. DALTON JR.
United States District Judge

---

[3] The Local Rules can be found at http://www.flmd.uscourts.gov/.

Copies:

Counsel of Record

Pro Se Parties